IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES GERMALIC, Independent Candidate for President, Pro Se, | ) ) ) | 4:08CV3223 |
| Plaintiff, | ) ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| JOHN A. GALE, Secretary of State Lincoln, Nebraska, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is granted.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on October 31, 2008, against one Defendant, John A. Gage. (Filing No. 1.) Realizing that Plaintiff may have intended to sue and serve John *Gale*, the Nebraska Secretary of State, the court permitted additional time for John Gale to file a response to the Complaint. (Filing No. 7.) On March 23, 2009, John Gale, the Nebraska Secretary of State, filed his Motion to Dismiss and Brief in Support. (Filing Nos. 8 and 9.) Plaintiff thereafter filed a Brief in opposition to the Motion. (Filing No. 10.) The parties agree that the proper Defendant is John Gale, and the court will direct the Clerk of the court to update its records accordingly.

Condensed and summarized, Plaintiff's Complaint relates to the November 4, 2008, general election and his attempts to get on that ballot as a presidential candidate for the "Black/White party." (Filing No. 1.) Plaintiff alleges that he hired a homeless man to petition for him in order to get Plaintiff's name on the ballot. (*Id.* at CM/ECF p. 2.) This homeless man went to the Nebraska State Fair, presumably to petition for

Plaintiff, but was "harassed" by security there, "got discouraged and quit to be a cook." (*Id.*) Plaintiff further alleges that the University of Nebraska "school newspaper" printed the wrong phone number in a political ad placed by Plaintiff and that a Nebraska state legislator warned the public against signing petitions. (*Id.*) Plaintiff states that his "objective" with this lawsuit is to use it "as a first step to wind its way up to the Supreme Court so they would review the unfair, exclusive, nature of the U.S. primary system." (*Id.*) The majority of Plaintiff's Complaint is devoted to general complaints about the "monopoly" of the two-party political system and the political climate in the United States, rambling story-telling about his travels throughout the United States with a group of friends in order to get on the general election ballot in several states, biblical quotations, opposition to the Iraq War, arguments regarding abortion and divorce, and complaints about Hillary Clinton, Barack Obama, and John McCain. (*See generally*, Filing No. 1.) The only allegations relating to Defendant Gale are that he "set[] up unfair obstacles to [Plaintiff's] being on the ballot," and "set[] up burdensome rules and regulations that far exceed the 525 laws the Jews live by." (*Id.* at CM/ECF p. 22.)

Defendant filed his Motion to Dismiss and Brief in Support on March 23, 2009. (Filing Nos. 8 and 9.) Plaintiff filed a Brief in opposition to the Motion. (Filing No. 10.) Defendant argues, among other things, that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted because he has failed to allege any constitutional or statutory violation by Gale. (Filing No. 9.)

## II. ANALYSIS

### A. Standard of Review

A plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). A pro se complaint should be construed liberally. *See Burke v. North Dakota Dep't of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* at 802 (internal citations and quotations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### B.    Defendant's Motion to Dismiss

Defendant argues that he is entitled to dismissal because Plaintiff does not sufficiently allege any constitutional or statutory violation. (Filing No. 9.) The court agrees. As set forth above, Plaintiff's Complaint is a rambling account of various stories and general grievances which, when taken as a whole, are simply frivolous. Indeed, the only allegations relating to Defendant Gale are that he "set[] up unfair obstacles to [Plaintiff's] being on the ballot," and "set[] up burdensome rules and regulations that far exceed the 525 laws the Jews live by." (Filing No. 1 at CM/ECF p. 22.) However, Plaintiff does not allege what "obstacles," "rules," or "regulations" were set up by Gale or how these violated any constitutional or statutory provision.

Instead, Plaintiff states that he filed his Complaint against Gale because "[s]omeone has to be responsible" for addressing his grievances. (Filing No. 10 at CM/ECF p. 14.) In short, even with the most liberal construction, Plaintiff has failed to state a claim upon which relief may be granted. In light of this finding, the court need not reach Defendant's other arguments.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (filing no. 8) is granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. The Clerk of the court is directed to update the court's records by correcting Defendant's last name. Defendant's name is "John Gale," not "John A. Gage."

September 2, 2009.  BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.